## Willey v. Willey

*John A. MacPhail,* for plaintiff.

SHEELY, P. J., July 9, 1963.—Plaintiff has offered sufficient evidence to support her charge of indignities to the person, thereby entitling her to a decree of absolute divorce. There remains, however, the legal question whether the fact that defendant secured a decree of divorce from bed and board from plaintiff in Maryland, after the facts upon which plaintiff's present cause of action is based occurred, prevents the entry of a decree in her favor in this action.

Defendant's divorce from bed and board was based on the charge of abandonment and desertion while the present action is based on a charge of indignities to the person. The evidence in the present case would have constituted a complete defense to the prior action but plaintiff did not appear in that action and offered no defense.

In 17 Am. Jur. 642, Divorce and Separation, §545, the rule is stated: "Where the defendant in an action for divorce, either absolute or limited, has available a cause of action for a divorce against the plaintiff, which he may assert either by way of the defense of recrimination or by counterclaim for a divorce in the pending action, the preferred view is that the defendant's ground for relief is a separate cause of action which is distinct from the plaintiff's cause of action, and that if the defendant does not raise the matter as a defense or in a counterclaim the matter is not res judicata against him; . . ." And in §546, it is stated: "In determining whether the causes of action involved in two cases are the same, the determining factor is whether the evidence necessary to sustain the second case is essentially the same as was required to sustain the first."

In the annotation appearing in 138 A. L. R. 394, it is stated that: "Under the general rules of res judicata,

as stated in the leading case of Cromwell vs. Sac County (1877) 94 U. S. 351, 24 L. ed. 195 . . . issues not actually litigated and determined by a judgment in a separation suit should never be considered res judicata in a subsequent suit for an absolute divorce, except where in both suits the same cause of action is involved.

"From this rule follows the corollary that the failure of a defendant in a suit for separation to interpose a defense does not bar him from predicating a subsequent suit involving a different cause of action upon facts which could have supported a possible defense, but which have not been actually litigated and determined adversely to him in the prior suit." See also Restatement, Judgments, §68, Comment (d).

The precise question, so far as we have been able to determine, has not been decided in Pennsylvania. However, the distinction was recognized in Reiter v. Reiter, 159 Pa. Superior Ct. 344, 352 (1946), where the court held that while a plaintiff may not have been required to allege every ground of divorce then existing, he was bound to litigate every existing act furnishing a ground for divorce for causes pleaded in that action, thereby recognizing that there was no identity of subject matter between a cause of action for cruel and barbarous treatment, and a cause of action on the ground of desertion.

Under these authorities we hold that the prior action by the present defendant on the ground of abandonment and desertion does not bar plaintiff's action on the ground of indignities to the person, since the causes of action are different and the present facts were not adjudicated.

A decree of divorce will therefore be entered.